UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 15-cr-108-pp

RODNEY ROWSEY,

    Defendant

---

**ORDER DENYING LETTER MOTION FOR RETURN OF PROPERTY WITHOUT PREJUDICE (DKT. NO. 565) AND GIVING THE DEFENDANT A DEADLINE FOR SEEKING ALTERNATIVE RELIEF**

---

      The court has received a letter from the defendant, asking the court to release the iPhone that was seized from him when he was arrested three years ago, in April 2016. Dkt. No. 565. He indicates that because he has not paid the bill in so long, the company providing his service is charging him $500 for the phone plus $250 in unpaid service charges. He asks the court to allow his grandmother to pick it up. Finally, he says that his release date is coming up in a few months, and he'd like to resolve this issue soon, so that he can "come out clean" both regarding his sobriety and regarding his financial situation. Id.

      The court asked the government to respond to the defendant's request. Dkt. No. 566. The government responds that the court should deny the request, because the government no longer has the phone. Dkt. No. 575. The government says that law enforcement logged the phone into inventory on April 20, 2016, with inventory number 16013469. Id. at 3. It appears that a few

months later, on July 22, 2016, a Milwaukee Police Department task force officer checked the phone out of inventory and turned it over to an FBI agent. Id. The prosecutor indicates in his response that the FBI has looked all over the place but can't find the phone. Id.

The court's authority to order the return of the phone comes from Fed. R. Crim. P. 41(g). That rule allows someone whose property has been taken to make a motion asking the court to order the property returned. The rule allows a court "to order the government to return property of the defendant that is in its possession if it has no reason to continue holding the property." United States v. Norwood, 602 F.3d 830, 832 (7th Cir. 2010). Unfortunately, if the government doesn't have the property (or can't find it), "the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion." Okoro v. Callaghan, 324 F.3d 488, 491 (7th Cir. 2003) (citations omitted). The court can't order the government to return property it doesn't have.

So what are the defendant's options? He could ask this court to hold an evidentiary hearing on his motion, and require the government (the FBI, in particular) to come in and present evidence to the court about what it has done to try to find the phone. If the FBI and the government were able to satisfy the court and the defendant that they'd done all they could to find the phone, and that it was just lost, that might give the defendant some assurance that the phone really is lost. It wouldn't, however, get the phone back for the defendant,

or solve his financial problem. If the phone really is lost, what would help the defendant is damages—money—for the lost phone.

In a *criminal* case, a court cannot award damages. That is what *civil* lawsuits are for. A *civil* lawsuit is where one citizen or organization sues another citizen or organization, usually for money. There are laws that allow a person to sue the United States or its agencies for money damages. See, *e.g.*, United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) (listing some of those statutes). The Seventh Circuit Court of Appeals has told district courts that if they learn that the government can't return the property to someone who asks for it in a Rule 41(g) motion, the court should "grant [that person] an opportunity to assert an alternative claim for money damages." Norwood, 602 F.3d at 836-37 (quoting Hall, 269 F.3d at 943).

The Seventh Circuit has said that if the person whose property the government lost asks for damages—money—a district court *may* convert that request in the criminal case into a civil lawsuit (a "complaint"). Id. at 837. The defendant could, if he wanted to, ask this court, in this criminal case, to order the government to pay him damages for the lost phone, and the court could convert that request into a civil lawsuit. Id. The defendant should be aware, however, that if the court were to convert a request for damages in the criminal case into a civil lawsuit, the defendant would be responsible for paying the filing fee for that lawsuit. It costs $400 to file a civil lawsuit, unless the person filing the lawsuit is a prisoner who can convince the judge to allow him to proceed without pre-paying the filing fee. Even then, the cost to prisoners for

3

filing civil lawsuits is $350. If the prisoner complies with the requirements of 28 U.S.C. §1915 (the Prison Litigation Reform Act), he might not be required to pay that $350 all at once. But he would have to provide the court with his prison trust account statement for the six months prior to the date he filed his motion, and pay an initial partial filing fee, and then the prison would take the rest of the $350 out of his account over time. And once he was released from custody, the prisoner might be required to pay the full balance of the filing fee at once. The government points out in its response that the cost of filing a civil lawsuit might be more than the phone is worth (although the defendant says that the phone company is asking him for $750 between the phone and the overdue phone bills). On top of that, civil lawsuits take a long time to work their way through the courts. Even if the defendant asks the court to order damages, and the court converts that request into a civil lawsuit, and the defendant pays the filing fee, and the defendant wins his lawsuit, he likely wouldn't get the money in time to pay the bills facing him upon his release.

The government also suggests that the defendant might consider making an administrative claim directly against the Milwaukee FBI. The government explains in its response how such claims work. The court is enclosing a copy of the government's response with this order, just in case the defendant didn't get it.

The government can't give the defendant legal advice, nor can this court. All this court can do is tell the defendant that (a) it can't order the government to give back the phone, because the government doesn't have it, but (b) the

4

defendant has the option of either (1) asking this court to award him damages (the court would convert that request into a civil lawsuit, and then require the defendant to pay the filing fee for that lawsuit), (2) skipping that step and just filing a civil lawsuit (which still would require him to pay the filing fee), or (3) filing an administrative claim against the FBI.

The court is going to deny the defendant's Rule 41(g) motion for return of property without prejudice. If the defendant wants to ask the court to hold an evidentiary hearing, or if he wants to ask for damages and have the court convert that request into a civil complaint, he must let the court know by the end of the day on Friday, May 10, 2019. If the court does not hear from the defendant by the end of the day on Friday, May 10, 2019, it will assume that he has decided to file an administrative claim against the FBI, or follow some other course (including, perhaps, explaining the situation directly to the phone company and asking whether he can work out a deal).

On a final note, the court notes that it sounds like the defendant is trying really hard to put himself in the best position possible for coming out of custody sober and organized and ready to resume his life in the community. The court applauds the defendant for those efforts.

The court **CONSTRUES** the defendant's motion as a motion for the return of property under Fed. R. Crim. P. 41(g). Dkt. No. 565. The court **DENIES** that motion without prejudice.

The court **ORDERS** that if the defendant wants to request an evidentiary hearing, or wants to ask for money damages, he must file his request in time

5

for the court to receive it by the end of the day on **Friday, May 10, 2019**. If the court does not hear from the defendant by the end of the day on that day, the court will consider the matter closed.

Dated in Milwaukee, Wisconsin this 22nd day of April 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**