UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,

                                              Case No. 15-cr-108-pp

          v.

RODNEY ROWSEY,

                    Defendant.

**ORDER CONSTRUING DEFENDANT'S LETTER AS MOTION TO
RECONSIDER AND DENYING MOTION (DKT. NO. 610)**

On June 23, 2020, the court received a letter from the defendant, asking for compassionate release due to his fears of contracting COVID-19 and his concerns about his grandmother's health. Dkt. No. 584. On July 20, 2020, the court issued a ten-page order denying that motion. Dkt. No. 591. The court concluded that the defendant had not exhausted his remedies as required by the First Step Act, dkt. no. 591 at 6; that even if he had, he had no underlying health issues, dkt. no. 591 at 8; that at the time the facility he was in had no confirmed cases of the virus, dkt. no. 591 at 8-9; and that the First Step Act did not authorize compassionate release based on concern about a grandparent's health, dkt. no. 591 at 9.

On November 11, 2012, the court received another letter from the defendant. Dkt. No. 610. This, too, is a request for compassionate release, but is more formal than the June 2020 letter. The defendant specifically cites 18 U.S.C. §3582(c)(2)(A). Id. at 1. While he mentions the exhaustion requirement

1

of that statute, id. at 2, the defendant does not state whether he ever has asked the warden of his institution (USP Leavenworth) for compassionate release.

The defendant argues that because no vaccine exists (a fact that blessedly is no longer true), the Bureau of Prisons can't protect him "as required under the Eighth Amendment," and he asserts that even if he has not yet been injured, the conditions of his confinement may violate the Eighth Amendment. Id.

The defendant argues that people without any underlying health conditions "are also at risk of suffering severe damage to their health." Id. at 3. He asserts that as long as the BOP refuses to test inmates and staff daily, his life is in danger; he says that he cannot force others to socially distance or wear their rag masks properly or report COVID-19 symptoms. Id. The defendant asserts that air circulation in the facility is poor. Id. at 4.

The defendant explains that he has been suffering during the pandemic, having been place on 24-hour lockdown in April because he showed symptoms of the virus. Id. at 4. He says he spent four days in his cell with coughing and severe chills, being told there was nothing to be done for him. Id. He was told to get medications from commissary. Id. He says he has a bullet in his chest which sometimes causes a tightening there. Id.

The defendant asserts that Leavenworth has had 456 confirmed cases of the virus, maybe more, and says that by the time the court received his motion, he would be at risk for his life when he could be home socially distancing and taking care of his family. Id. at 5. The defendant describes the things going on

in his family—the loss of his father, grandfather, mother and aunt within the past four years, his maternal grandmother's high blood pressure, his paternal grandmother's dementia and high blood pressure, his aunt's stage III cancer (the aunt who cares for his grandmother). Id. He says that his ten-year-old son needs him at this time, and that his child's mother lost her apartment because she lost her job and has not received any government aid. Id.

As for himself, the defendant says that during the pandemic he has been confined to his cell for most of the day without visitation, with little time to shower, with cold bagged meals until recently and with no help for his mental and emotional illnesses. Id. He asserts that allegations that he has incurred violations while in prison are the result of prison politics and gang activity (and says he is not a member of a gang). Id. at 6. He says he is suffering from PTSD, bi-polar disorder, depression and "illusion," and that his family members have various physical and mental illnesses. Id.

The court construes this letter as a motion for the court to reconsider its July 20, 2020 order denying his motion for compassionate release. The court will deny that motion. The court does not doubt that the defendant is having a hard time—that he is very worried about himself and about his family. The court is sorry to hear of all the issues the defendant's family has suffered in the past few years and in the past few months. But as the court stated in its July order, the defendant has not demonstrated that he has exhausted his remedies by seeking compassionate release from the warden at Leavenworth before asking this court for that relief. More important, the defendant is young and

3

has no underlying physical health conditions that put him at increased risk for severe illness if infected. The court has received numerous motions from inmates seeking compassionate release. Some have had very severe underlying health problems—diabetes, kidney disease, obesity. These are the kind of health issues that the Centers for Disease Control have indicated put someone at higher risk for severe illness if infected. The plaintiff does not have such conditions. The plaintiff is suffering because of the restrictive conditions the BOP has put into effect to try to reduce the spread of the virus. Most, if not all, BOP inmates are suffering from similar restrictions. The plaintiff is worried about how his family is managing without him. Most inmates are struggling with the same worries.

As the court said in its July order, the court does not mean to trivialize what the defendant is going through. The pandemic is a nightmare, a crisis that has upended the lives of almost everyone in the country. That nightmare is exponentially worse for prison inmates—not just because they can't socially distance or wash their hands frequently or have real masks or take their temperatures or get tested, but because they can't do what many others are doing to keep themselves sane: stay in touch with friends and family by telephone and videoconference. The defendant is in a terrible situation.

But the court cannot grant the defendant the relief he requests. He has not demonstrated that he has exhausted his remedies and he is (hard as it may be to believe) much better off than many other inmates from whom the court has received compassionate release motions.

The court **DENIES** the defendant's motion to reconsider the court's July 20, 2020 order denying his letter motion for compassionate release. Dkt. No. 610.

Dated in Milwaukee, Wisconsin this 16th day of December, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**